# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

JASON VANSICKLE,                 )
                                 )
            Petitioner,          )
                                 )
v.                               )     **Case No. CIV 14-556-RAW-SPS**
                                 )
JEORLD BRAGGS, JR., Warden,      )
                                 )
            Respondent.          )

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1]  Petitioner, a pro se inmate in the custody of the Oklahoma Department of Corrections, currently is incarcerated at Lexington Correctional Center in Lexington, Oklahoma.  He is attacking his conviction and sentence in Choctaw County District Court Case No. CF-2011-150 for Aggravated Manufacture of a Controlled Dangerous Substance.  He sets forth the following grounds for relief:

    I.      The evidence was insufficient to prove the elements of the crime beyond a reasonable doubt.

    II.     The trial court erred in not giving jury instruction OUJI-CR (2d) 9-13 concerning corroboration of confessions.

    III.    The trial court erred in failing to sustain Petitioner's request for a mistrial based on the mistaken verdict form first submitted by the jury.

    IV.    Petitioner's state and federal rights to due process were violated by improper destruction of evidence important to his defense.

---

[1] This case was reassigned to the undersigned on January 3, 2017 (Dkt. 17).

V.     The trial court erred in failing to conduct a *Daubert* hearing regarding expert testimony violated [sic] due process and the right to avoid unnecessary prejudice, resulting in a fundamentally unfair and tainted trial and jury.

VI.    Prosecutorial misconduct denied Petitioner his right to due process of law and a fair trial.

VII.   The district court misapplied the sentencing guidelines by including both the weight of the wastewater and extractable methamphetamine in determining the base offense level, in violation of the U.S. Sentencing Guidelines.

VIII.  The cumulative effect of all the errors addressed above deprived Petitioner of a fair trial.

IX.    Petitioner received ineffective assistance of trial counsel.

X.     Petitioner received ineffective assistance of appellate counsel.

The respondent concedes that Petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review. The following records have been submitted to the court for consideration in this matter:

A.     Petitioner's direct appeal brief

B.     The State's brief in Petitioner's direct appeal

C.     Summary Opinion affirming Petitioner's judgment and sentence

D.     Order Denying Post-Conviction Relief

E.     Petitioner's post-conviction brief

F.     Order Affirming Denial of Application for Post-Conviction Relief

G.     State court record

In addition, Petitioner has filed a reply to Respondent's response to the petition (Dkt. 11).

## Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## Facts

The record shows that Officer B.J. Hedgecock, an investigator with the Choctaw County District Attorney's Office, obtained a search warrant for Petitioner's residence in a shed behind Petitioner's mother's house in Boswell, Oklahoma (Tr. I 61, 65-67). Officers Hedgecock, Chester Marzek, and Josh Williams executed the search on July 2, 2011 (Tr. I 67-67, 158, 161-62). The officers entered the small shed with two rooms and found Petitioner asleep on a bed in the east room (Tr. I 67, 162). The officers removed Petitioner from the residence, and Officer Marzek read Petitioner's *Miranda* rights to him (Tr. I 159-60, 167-68).

Petitioner told Officer Williams that he lived in the shed (Tr. I 168). During the

search of the shed, the officers found Petitioner's ID card, male clothing, a methamphetamine pipe, numerous two-liter pop bottles, salt, a coffee filter, a jar with a funnel, camp fuel, and other items required for the manufacture of methamphetamine (Tr. I 68, 70-77). These items were later tested for the presence of methamphetamine at the OSBI laboratory (Tr. I 144). A container of liquid (Exhibit 1B) and a glass smoking device with residue (Exhibit 1K) tested positive for the substance (Tr. I 144-45, 151; State's Exhibit 37). The container that tested positive for methamphetamine contained approximately 1,000 milliliters of liquid with a net weight of 650 grams (Tr. I 144-45; State's Exhibit 37).

**Ground I: Sufficiency of the Evidence**

Petitioner alleges in Ground I of the petition that the evidence was insufficient to prove beyond a reasonable doubt that he had dominion and control over a controlled dangerous substance upon which the manufacturing charge was based. Respondent asserts the decision by the Oklahoma Court of Criminal Appeals (OCCA) on this issue was not contrary to, or an unreasonable application, of Supreme Court law. The OCCA analyzed the claim and denied relief on direct appeal:

> [W]e find that the State presented sufficient evidence, viewed in a light most favorable to the State, to prove that Vansickle committed the essential elements of aggravated manufacture of a controlled dangerous substance, methamphetamine, beyond a reasonable doubt. *Easlick v. State*, 90 P.3d 556, 559 (Okla. Crim. App. 2004). Where there is competent evidence in the record to support a conviction, this Court will not interfere with the verdict. *Gilson v. State*, 8 P.3d 883, 910 (Okla. Crim. App. 2000).
>
> To satisfy the elements of aggravated manufacture of a controlled dangerous substance, the State must prove that Vansickle knowingly/intentionally

manufactured or attempted to manufacture a controlled dangerous substance by, in this case, having fifty (50) grams or more of methamphetamine, its salts, its isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectible amount of methamphetamine, its salts, its isomers, or salts of its isomers. Okla. Stat. tit. 63, § 2-401(G)(3)(h) (2005).

Evidence that Vansickle was in possession of the paraphernalia associated with methamphetamine manufacturing allows for the inference that Vansickle was knowingly involved in the manufacturing process taking place in the shed. Possession may be proved through circumstantial evidence. *Carolina v. State*, 839 P.2d 663, 664-65 (Okla. Crim. App. 1992). In the absence of physical possession, if an accused has exclusive access to the premises where contraband was found, dominion and control, or constructive possession, may be inferred. *Doyle v. State*. 759 P.2d 223, 224 (Okla. Crim. App. 1988). If the accused does not have exclusive access, "constructive possession may be proven if there are additional independent factors which show his knowledge and control of the drugs." *Carolina*, 839 P.2d at 665. Such factors include incriminating conduct or other circumstances allowing for such an inference. *Id.*

In the present case, the State presented sufficient evidence from which the jury inferred that Vansickle had dominion and control over the manufacturing process. Appellant lived in a shed on his mother's property. The shed, which was comprised of two rooms, was littered with the tools and materials necessary to manufacture methamphetamine. Vansickle's ID and some articles of clothing were found in the shed. Vansickle admitted that he lived in the shed. Moreover, nothing in the record suggests anyone else had entered or used the shed, which would allow for a reasonable inference by the jury that Vansickle had exclusive access.

The conviction is further justified by the fact whenever Vansickle entered the shed to go to his bedroom, he had to pass through the room containing most of the evidence of the manufacturing process. In his bedroom, there was also a basket hanging from the ceiling containing items readily associated with both the manufacture and consumption of methamphetamine. This case is analogous to *Brumfield v. State*, 155 P.3d 826 (Okla. Crim. App. 2007), wherein this Court held that when the defendant's "home and property were littered with the essential ingredients for methamphetamine manufacture--or evidence that essential ingredients had recently been present," there was sufficient evidence to uphold an aggravated manufacture of methamphetamine

conviction. *Id*. at 836.

*Vansickle v. State*, No. F 2012-571, slip op. at 2-4 (Okla. Crim. App. May 20, 2013) (Dkt. 5-3). The OCCA's factual findings are entitled to a presumption of correctness, unless Petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

> Sufficiency of the evidence is a mixed question of law and fact. We ask whether the facts are correct and whether the law was properly applied to the facts, which is why we apply both 28 U.S.C. § 2254(d)(1) and (d)(2) when reviewing sufficiency of the evidence on habeas.

*Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006) (citations omitted)*, cert. denied*, 549 U.S. 1285 (2007).

In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of

reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)), *cert. denied*, 498 U.S. 904 (1990).

"[W]here a sufficiency challenge was resolved on the merits by the state courts, . . . AEDPA adds an additional degree of deference, and the question becomes whether the OCCA's conclusion that the evidence was sufficient constituted an unreasonable application of the *Jackson* standard." *Diestel v. Hines*, 506 F.3d 1249, 1267 (10th Cir. 2007) (citations and internal quotation marks omitted), *cert. denied*, 553 U.S. 1079 (2008). This standard is called "deference squared." *Hooks v. Workman*, 689 F.3d 1148, 1166 (10th Cir. 2012 (quoting *Young v. Sirmons*, 486 F.3d 655, 666 n.3 (10th Cir. 2007)). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [this court] owe[s] deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). A state court's summary disposition must be upheld unless a federal habeas court is persuaded, after conducting an independent review of the record and pertinent federal law, that the state court's result "unreasonably applies clearly established federal law." *Id.* (quoting *Aycox v. Lytle*, 196 F.3d 1174, 1178 (10th Cir. 1999)).

To determine whether there was sufficient evidence presented at trial to sustain Petitioner's conviction, the Court first must look to Oklahoma law for the elements required

for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152

(10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The elements of Aggravated Manufacture

of a Controlled Dangerous Substance are:

>  First, knowingly/intentionally;

> Second, manufacturing;

> Third, the controlled dangerous substance of Methamphetamine by
> having a quantity of 50 grams or more of methamphetamine, its salts,
> isomers, or salts of its isomers, or 500 grams or more of a mixture or
> substance containing a detectable amount of methamphetamine, its
> salts, isomers, or salts of its isomers.

(Instruction No. 6-3, OUJI-CR (2d) (O.R. 83; Dkt. 6-7 at 26)).

"Knowing is defined as "[b]eing aware of the existence of facts that cause the act or

omission to be criminal in nature. A person need not be aware of the applicable law to do

an act "knowingly," but only needs to be aware of the applicable facts (Instruction No. 6-16,

OUJI-CR(2d) (O.R. 86) (Dkt. 6-7 at 29)).

Petitioner argues the State was required to prove he had dominion and control of the

incriminating items in the shed, and the mere presence of the items did not equal

manufacturing or possession or rise to the level of dominion and control. The officers found

no keys, toothbrush, comb, or other personal items, and the shed had no running water or

electricity. Petitioner asserts the shed was not locked, other unnamed persons also had access

to the shed, and no pseudoephedrine was found. The OCCA, however, expressly found "the

State presented sufficient evidence from which the jury inferred that Vansickle had dominion

and control over the manufacturing process." *Vansickle*, F-2012-571, slip op. at 3.

After careful review, this Court finds that viewing the evidence in the light most favorable to the prosecution, the jury reasonably concluded that Petitioner knowingly manufactured or attempted to manufacture methamphetamine in the shed behind his mother's house, where he admitted he lived. As set forth at trial and by the OCCA, Petitioner was in possession of items associated with the manufacture of methamphetamine, and the prosecution presented sufficient evidence that he had dominion and control over the manufacturing process.

The Court further finds the OCCA's determination of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and the determination was not based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d). Ground I of the petition fails.

**Grounds II-IX: Procedural Default**

Petitioner raises eight claims in Grounds II through IX which were not raised on direct appeal. Instead, he first presented these issues in his application for post-conviction relief, which was denied by the trial court. The OCCA affirmed the denial of post-conviction relief, finding Petitioner had waived these claims by failing to raise the issues on direct appeal. *Vansickle v. State*, PC-2014-712, slip op. at 1-2 (Okla. Crim. App. Oct. 23, 2014) (citing *Logan v. State*, 293 P.3d 969, 972 (Okla. Crim. App. 2013; Okla. Stat. tit. 22, § 1086 (2011)) ( Dkt. 22-1). Respondent alleges Counts II-IX are procedurally barred.

The OCCA set forth its decision as follows:

> . . . Post-conviction review provides petitioners with very limited grounds upon which to base a collateral attack on their convictions and sentences. *Logan*, 293 P.3d at 972. Issues that were previously raised and ruled upon by this Court are procedurally barred from further review under the doctrine of *res judicata*; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review. *Logan*, *supra*. Petitioner's substantive grounds for relief asserted in this matter were available to be raised during trial proceedings or in his direct appeal. Thus, the grounds for relief are barred by either *res judicata* or waiver, unless this court finds sufficient reason why the grounds were not asserted or were inadequately raised in prior proceedings. *Logan, supra*; Okla. Stat. tit. 22, § 1086 (2011).
>
> Petitioner argues his trial and appellate counsel were ineffective for not previously asserting or adequately raising his current substantive grounds for relief. Petitioner's appellate counsel was not the same as his trial counsel; therefore, his claims of ineffective assistance of trial counsel could have been raised in his direct appeal. *Berget v. State*, 907 P.2d 1078 (Okla. Crim. App. 1995); *Sporn v. State*, 139 P.3d 953 (Okla. Crim. App. 2006); *cf. Davis v. State*, 123 P.3d 243 (Okla. Crim. App. 2005).

*Vansickle v. State*, No. PC-2014-712 slip op. at 2-3.

With respect to Petitioner's ineffective assistance of trial counsel claim in Ground IX, the Tenth Circuit has provided an exception to the general rule of procedural default. *Breechen v. Reynolds*, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)). In *English v. Cody*, 146 F.3d 1257 (10th Cir. 1998), the Tenth Circuit narrowed the circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims first raised collaterally:

> . . . [T]he Oklahoma bar will apply in those limited cases meeting the following two conditions: trial and appellate counsel differ; and the ineffectiveness claim can be resolved upon the trial record alone. All other ineffectiveness claims are procedurally barred only if Oklahoma's special

appellate remand rule for ineffectiveness claims is adequately and evenhandedly applied.

*Id*., 146 F.3d at 1264 (citation omitted).

The record shows Petitioner was represented by different attorneys at trial and on appeal. He, therefore, had the opportunity to confer with separate counsel on appeal, meeting the first requirement of *English*. The second *English* factor requires that the claim could be resolved either "upon the trial record alone" or after adequately developing a factual record through another procedural mechanism. *Id.* at 1263-64. Here, the claims can be resolved on the trial record. Petitioner raises ineffective assistance of appellate counsel in Ground X as cause and prejudice to overcome the procedural bar on his claims in Grounds II through IX. As discussed below, however, this claim has no merit and thus cannot serve as cause and prejudice to overcome the procedural bar.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Oklahoma Court of Criminal Appeals denied relief for Petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *See Sherill v. Hargett*, 184 F.3d 1172, 1174-75 (10th Cir. 1999) (stating that waiver of claims not asserted on direct appeal was considered "independent and

adequate" for a procedural default on habeas review). Because Petitioner has procedurally defaulted the identified claims in state court, this Court may not consider the claims unless Petitioner shows cause and prejudice for the default, or demonstrates a fundamental miscarriage of justice would result if his claims are not considered. *Coleman*, 501 U.S. at 750.

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

To show a fundamental miscarriage of justice, Petitioner "must make a colorable showing of factual innocence." *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (citing *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). "[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citation omitted). "[T]enable actual-innocence gateway pleas are rare," *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1928 (2013), and the threshold for showing actual innocence is "extraordinarily high," *Herrera v. Collins*, 506 U.S. 390, 417 (1993).

The Court finds Petitioner has failed to show cause for the default of Grounds II

through IX and actual prejudice. Therefore, the Oklahoma procedural bar applies to Petitioner's habeas corpus claims in Grounds II through IX.

**Ground X: Ineffective Assistance of Appellate Counsel**

Petitioner alleges in Ground X that appellate counsel was ineffective in failing to raise the substantive claims in Grounds II through IX on direct appeal. The OCCA found appellate counsel was not ineffective, because Petitioner failed to demonstrate prejudice by showing "how the grounds would have changed the outcome of his direct appeal." *Vansickle*, No. PC-2014-712, slip op. at 3. The OCCA relied upon the standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), in denying Petitioner's claim of ineffective assistance of appellate counsel:

> In order to establish a claim of ineffective appellate counsel, Petitioner must show both (1) deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for appellate counsel's unprofessional error, the result of his appeal would have been different. *Logan*, 293 P.3d at 973. . . .

*Vansickle v. State*, No. PC-2014-712 slip op. at 2-3.

To prevail on a claim of ineffective assistance of counsel, the accused must prove deficient performance and prejudice. *Strickland*, 466 U.S. at 687. To prove deficiency, the accused must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance." *Id*. at 689. To prove prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* test also applies

to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

On habeas review, the Court does not examine whether the elements of *Strickland* have been met. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Instead, the pivotal question is whether the state court's application of *Strickland* was reasonable. *Id*. When evaluating the state court's resolution of *Strickland's* performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, ___ U.S. ___, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011)).

Respondent maintains Petitioner's underlying claims are barred but recognizes that Petitioner's claim of ineffective assistance of appellate counsel requires a review of the barred claims in Grounds II through IX. Therefore, the merits of these claims must be examined.

**Ground II: Jury Instruction Regarding Corroboration of Confession**

Petitioner alleges appellate counsel was ineffective in failing to raise a claim that the trial court erroneously failed to instruct the jury with OUJI-CR (2d) 9-13, regarding the necessity for corroboration of confessions.[2] He argues his confession to the police that he lived in the shed where the methamphetamine lab was found should have been corroborated, and the trial court's failure to give the instruction violated his right to a fair trial.

---

[2] OUJI-CR 9-13 states in pertinent part, "A confession alone does not justify a conviction unless it is corroborated, that is confirmed and supported by other evidence of the material and basic fact or facts necessary for the commission of the offense charged."

The record shows the trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U.S. 368 (1964), to determine the voluntariness of Petitioner's statement to the police (Tr. I 166-69). Officer Williams testified that after Petitioner was taken out of the shed and read his *Miranda* rights, Williams asked Petitioner if he lived in the shed (Tr. I 167-68). Petitioner answered, "Yes" (Tr. I 168). Petitioner was not threatened before he made that brief statement, and he was not promised anything in return (Tr. I 168). Petitioner's statement was corroborated by evidence in the shed, including his ID, male clothing, and the fact he was sleeping there (Tr. I 68).

The OCCA rejected this claim, finding that raising the issue on direct appeal would not have resulted in a different outcome, considering the evidence of Petitioner's guilt. *Vansickle*, PC-2014-712, slip op. at 3. *See Al-Mosawi v. State*, 929 P.2d 270, 277 (Okla. Crim. App. 1996) (holding that OCCA will not reverse trial court's finding that statement was voluntary after a *Jackson v. Denno* hearing where evidence was sufficient to show the statement was voluntary). *See also Jones v. State*, 128 P.3d 521, 539 (Okla. Crim. App. 2006) (holding that failure to give jury instruction on the voluntariness of defendant's statement and corroboration of confession was harmless in light of evidence that statement was voluntary and overwhelming evidence of corroboration). This Court finds there clearly was sufficient evidence to show Petitioner's statement was voluntary, and he has not demonstrated prejudice from the lack of the desired jury instruction.

This Court further finds the OCCA's decision on this claim was not contrary to, or an

unreasonable application *Strickland*, and the OCCA's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). This claim is meritless.

**Ground III: Request for Mistrial**

In denying Petitioner's post-conviction appeal, the OCCA rejected his proposition that appellate counsel was ineffective in failing to raise a claim that the trial court erred in not granting a mistrial when the jurors initially incorrectly marked the verdict form to indicate their guilty verdict. The verdict form gave the jury the option of acquitting or convicting Petitioner of (1) Aggravated Manufacture of Methamphetamine, or the lesser-included offenses of (2) Manufacture of Methamphetamine or (3) simple Possession of Methamphetamine (O.R. 100; Dkt. 6-7 at 43). When the jury returned from deliberations, it had improperly marked Petitioner guilty on all three options (Tr. III 5-6; Court Exhibit 2) (Dkt. 6-4 at -56).

The jury was sent back for further deliberations and promptly marked the new jury form, finding Petitioner guilty of Aggravated Manufacture of Methamphetamine (Tr. III 7-9; O.R. 100). The jury was polled, and all jurors agreed that was their verdict (Tr. III 7-9). There was no error in the final verdict and no basis for a mistrial. *See Hamsboro v. State*, 530 P.2d 1038, 1043 (Okla. Crim. App. 1975) (stating the trial court may give the jury an opportunity to correct verdict form). *See also Williams v. State*, 220 P.2d 836, 843 Okla. Crim. App. 1950) (holding that trial court should have advised jury that verdict form was

void and "should have given them an opportunity to return a verdict according to law").

The OCCA rejected this claim, finding that raising the omitted issue would not have resulted in a different outcome in Petitioner's direct appeal, considering the evidence of his guilt. *Vansickle*, No. PC-2014-712, slip op. at 3. This Court finds Petitioner's habeas corpus petition presents nothing to show the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*. Ground III of the petition fails.

**Ground IV: Destruction of Evidence**

The OCCA also rejected Petitioner's post-conviction proposition that appellate counsel was ineffective in not raising a claim that he was denied a fair trial by the alleged destruction of evidence against him prior to trial and by the admission of allegedly cumulative photographs of the methamphetamine lab found in his residence.[3] Petitioner complains that trial counsel never viewed the evidence at issue before it was photographed and destroyed.

The evidence included some lithium strips which had been removed from batteries and a "used up" one-pot bottle found behind the residence (Tr. I 89-90). Petitioner also mentions the testimony of Officer Hedgecock, who admitted he had not read the writing on the back of one of the blister packs found in the residence that indicated the pack was nicotine gum (Tr. I 118-19). Photographs of these items were admitted at trial. *Id.*

This Court finds Petitioner has presented nothing to support his claim that defense

---

[3] The photographs are discussed below in Ground VI.

counsel did not have an opportunity to examine the evidence. In addition, he has failed to show how he was prejudiced if trial counsel did not inspect the evidence or how inspection of the methamphetamine lab or its components would have aided in Petitioner's defense or changed the outcome of his trial or appeal. Furthermore, Petitioner has failed to show how the evidence had any exculpatory value or that the police acted in bad faith. *See Cuesta-Rodriguz v. State*, 241 P.3d 214, 234 (Okla. Crim. App. 2010) (holding that unless the defendant can show police destroyed potentially useful evidence in bad faith, there is no due process violation), *cert. denied*, 565 U.S. 885 (2011).

Officer Hedgecock, who had executed search warrants in more than 100 methamphetamine labs, testified as an expert in the recognition of methamphetamine labs and the procedures used to manufacture methamphetamine (Tr. I 62-63). He testified in detail about the materials and equipment found in Petitioner's residence and how it was used in the manufacture of methamphetamine. He further testified that in his expert opinion it was a working methamphetamine lab (Tr. I 68-98). Hedgecock's testimony was corroborated by the photographs taken of the lab that were introduced at trial (State's Exhibits 1-34). The photographs showed the various parts of the lab equipment and materials used in the manufacture of methamphetamine.

Officer Hedgecock's testimony also was corroborated by the testimony of Michella Cole, a criminalist with the OSBI (Tr. I 140). Ms. Cole confirmed that one of the containers of liquid found in Petitioner's residence tested positive for methamphetamine by use of a gas

chromatograph mass spectrometer (Tr. I 144-45). The container that tested positive for methamphetamine had approximately 1,000 milliliters of liquid with a net weight of 650 grams (Tr. I 144-45; State's Exhibit 37).

Based on the evidence presented at trial, this Court finds appellate counsel was not ineffective in not presenting this claim on direct appeal. The OCCA found that considering the evidence of Petitioner's guilt, raising this issue would not have resulted in a different outcome in the direct appeal. *Vansickle*, No. PC-PC-2014-712, slip op. at 3. Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

### Ground V: Failure to Conduct *Daubert* Hearing

In Petitioner's post-conviction appeal, the OCCA rejected his proposition that appellate counsel was ineffective for not raising a claim that the trial court erred in not conducting a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine the admissibility of Michella Cole's testimony about her use of the gas chromatograph mass spectrometer in testing the liquid from the methamphetamine lab. *Daubert* held that it is the task of the trial judge to ensure "[t]hat an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. The OCCA does not require a *Daubert* hearing for scientific evidence it previously has found reliable. *Taylor v. State*, 889 P.2d 319, 338-39 (Okla. Crim. App. 1995). The weight and credibility of the admissible evidence, however, "remain subject to attack through cross-examination

and testimonial challenges." *Id.*

In *Richards v. State*, 569 P.2d 461, 462 (Okla. Crim. App. 1977), the OCCA found drug test results using a gas chromatograph mass spectrometer were admissible. Further, Petitioner has presented nothing to show Ms. Cole's testimony based on the analysis by this method was unreliable. Petitioner challenges Cole's testimony that this machine did not indicate the percentage of methamphetamine in the liquid that tested positive for methamphetamine (Tr. I 149, 153). The percentage, however, was irrelevant, because Ms. Cole was able to testify that the tested container held approximately 1,000 milliliters of liquid with a net weight of 650 grams (Tr. I 144-45; State's Exhibit 37). This weight was sufficient to prove Petitioner possessed 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine to find him guilty of Aggravated Manufacture of Methamphetamine, pursuant to Okla. Stat. tit. 63, § 2-401(G)(3)(h). The percentage of methamphetamine in the mixture was not required to prove the offense. As such, Petitioner has failed to show how the result of the trial or appeal would have been different if appellate counsel had raised this claim on appeal.

The OCCA rejected this claim, finding that presenting the omitted issue would not have resulted in a different outcome on direct appeal. *Vansickle*, No. PC-PC-2014-712, slip op. at 3. Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

**Ground VI: Prosecutorial Misconduct**

In Petitioner's post-conviction appeal, the OCCA rejected his claim that appellate counsel was ineffective for not raising a claim of prosecutorial misconduct arising from the prosecutor's allegedly not providing discovery showing the names, addresses, and expected testimony of the State's witnesses, including expert testimony by Michella Cole. Petitioner further asserts that Officer Hedgecock misled the jury about crucial evidence, the probable cause affidavit used to obtain the search warrant for his residence contained false statements, and the photographs of the methamphetamine lab were cumulative and prejudicial.

This Court finds Petitioner has provided nothing but bald assertions in support of his claims, and such allegations are not sufficient to warrant habeas relief. *See Byrd v. Workman*, 645 F.3d 1159, 1174 (10th Cir. 2011) (holding that bald assertions are not sufficient to satisfy the demands of *Strickland*). Petitioner has offered no evidence that the prosecutor failed to provide discovery to the defense. To the contrary, the record shows the prosecutor emailed a copy of all reports, written statements, and exhibits to trial counsel on July 19, 2011 (O.R. 13). Furthermore, a copy of the OSBI lab report by Ms. Cole was emailed to trial counsel on August 12, 2011 (O.R. 15; State's Exhibit 37). Based on this evidence, this Court finds Petitioner has failed to show a lack of discovery or that he was surprised by Ms. Cole's testimony at trial.

Petitioner also has failed to show a lack of discovery regarding Officer Hedgecock's testimony or how he was prejudiced by it. Petitioner has not shown how Hedgecock's testimony was false or misleading to the jury, and Petitioner has failed to set forth any false

statements in the probable cause affidavit supporting the search warrant. These unsupported assertions are insufficient to grant habeas relief. *See Byrd*, 645 F.3d at 1174. This Court finds Petitioner has wholly failed to make a "[s]ubstantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978).

The Court further finds the photographs of the methamphetamine lab were admissible to show the materials and equipment used to manufacture the methamphetamine were found in the residence where Petitioner was found sleeping (State's Exhibits 1-34). Under Oklahoma law, the admissibility of photographs is within the discretion of the trial court. *Jones v. State*, 201 P.3d 869, 885 (Okla. Crim. App.) (citing *Warner v. State*, 144 P.3d 838, 887 (Okla. Crim. App. 2006), *cert. denied*, 558 U.S. 895 (2009). "Photographs are admissible if their content is relevant and their probative value is not substantially outweighed by their prejudicial effect." *Id.* This Court finds Petitioner has failed to show there was anything improper in the photographs or that the photographs were cumulative or unfairly prejudicial. Therefore, he would not have prevailed on this claim even if appellate counsel had raised it on appeal.

The OCCA holds that for a prosecutor's misconduct at trial to warrant relief, "[a]ppellant must show not only that error occurred but that the resulting prejudice from the error was such that reversal is warranted." *Bland v. State*, 4 P.3d 702, 727 (Okla. Crim. App. 2000) (citations omitted), *cert. denied*, 531 U.S. 1099 (2001). Petitioner has shown neither

error nor prejudice from the alleged prosecutorial misconduct. He also has failed to show how the result of his trial or appeal would have been different if appellate counsel had raised these issues on direct appeal.

The OCCA rejected this claim, finding that presenting the omitted issue would not have resulted in a different outcome on direct appeal. *Vansickle*, No. PC-PC-2014-712, slip op. at 3. Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

**Ground VII: Sentencing**

Petitioner's claim that appellate counsel was ineffective for not raising a claim that the trial court misapplied federal sentencing guidelines also was denied by the OCCA. Because Petitioner was convicted in a state court, the federal sentencing guidelines do not apply. Therefore, the claim is meritless.

To the extent Petitioner is challenging the constitutionality of Okla. Stat. tit. 63, § 2-401(G)(3)(h), the OCCA has specifically found the statute is not unconstitutionally vague with respect to use of the word "mixture." *Brumfield v. State*, 155 P.3d 826,834-35 (Okla. Crim. App. 2007). In addition, Petitioner has presented nothing to support his claim that Ms. Cole's testimony was incorrect. Therefore, he would not have prevailed on direct appeal even if the claim had been raised by appellate counsel.

The OCCA rejected this claim, finding that presenting the omitted issue would not have resulted in a different outcome on direct appeal. *Vansickle*, No. PC-PC-2014-712, slip

op. at 3. Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

**Ground VIII:  Cumulative Error**

The OCCA rejected Petitioner's claim that appellate counsel was ineffective in failing to raise a cumulative error claim.  The OCCA has repeatedly held that a cumulative error argument has no merit when the Court does not sustain any of the other errors raised by the defendant.  *See Davis v. State*, 268 P.3d 86, 138 (Okla. Crim. App. 2011) (holding that a cumulative error argument will be rejected when other alleged errors are meritless).  *See also Warner v. State*, 144 P.3d 838, 896 (2006) (same); *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir. 1997) ("Cumulative-error analysis applies where there are two or more actual errors.  It does not apply, however, to the cumulative effect of non-errors.").

Again, the OCCA rejected this claim, finding that presenting the omitted issue would not have resulted in a different outcome on direct appeal.  *Vansickle*, No. PC-PC-2014-712, slip op. at 3.  Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

**Ground IX:  Ineffective Trial Counsel**

Finally, Petitioner alleges appellate counsel was ineffective in not claiming on direct appeal that trial counsel was ineffective in failing to raise the above substantive claims at

24

trial.[4]  This proposition was rejected by the OCCA in Petitioner's post-conviction appeal, and, as discussed above, the substantive claims are meritless.  This Court finds that because trial counsel was not ineffective in not raising these issues at trial, appellate counsel was not ineffective for not raising the claims on appeal.

The OCCA rejected this claim, finding that presenting the omitted issue would not have resulted in a different outcome on direct appeal.  *Vansickle*, No. PC-PC-2014-712, slip op. at 3.  Petitioner has made no showing that the OCCA's ruling was contrary to, or an unreasonable application of *Strickland*.

## Conclusion

For the reasons set forth above, the Court finds the decision by the Oklahoma Court of Criminal Appeals was not contrary to, or an unreasonable application of, clearly established Supreme Court law, and the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  Therefore, Petitioner's petition for a writ of habeas corpus must be DENIED.

## Certificate of Appealability

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  He also has not

---

[4] Petitioner also includes vague and conclusory claims concerning trial counsel's performance before trial.  These claims are insufficient to raise a claim of ineffective assistance of counsel, and the claims are unexhausted.

shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A certificate of appealability cannot be issued.

      **ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

      **IT IS SO ORDERED** this 28th day of June 2017.

Ronald A. White
United States District Judge
Eastern District of Oklahoma